## JOHN PETIT *v.* JOHN McCOMBS.

1. PROCESS: MUST BE SERVED PERSONALLY BEFORE JUDGMENT BY DEFAULT CAN BE TAKEN AT APPEARANCE TERM: AFTER JUDGMENT REVERSED BY HIGH COURT, NOT NECESSARY TO SUE OUT NEW PROCESS.—It is erroneous to take a judgment by default at the appearance term, when the process is not personally served on the defendant; but after the reversal of the judgment by the High Court because it was prematurely taken, it is not necessary to sue out new process, and if the defendant fails to plead, a judgment by default will not be set aside.

ERROR to Circuit Court of Harrison county.    Hon. William M. Hancock, judge.

The first judgment referred to in the opinion of the court, was rendered on the 19th of April, 1866.    The writ of replevin was issued on the 9th of April, 1866, and made returnable to the 3d Monday in April next.    The opinion of the court states the facts.

*Charles A. Smith*, for plaintiff in error, contended:

1. There was no service of process on Petit.    Revised Code, 489, article 64.

2. A judgment cannot be rendered by default at the return term, when it appears that the process has not been served personally on the defendant.    Revised Code, 503, article 150.

3. A summons was issued and returned at a term of the Circuit Court, then in session, and judgment rendered at the same term in the first instance, and on reversal, the Circuit Court persisted in the first judgment, on the ground that Petit's appearance in the High Court was an appearance in the Circuit Court.

4. The summons in replevin is the same in all respects as the original process, and is to be issued, returned, and executed in the same manner.

*R. Seal* for defendant in error.   No brief on file.

SHACKELFORD, C. J., delivered the opinion of the court.

On the 9th of April, 1866, the defendants in error sued out a writ of replevin from the office of the Clerk of the Circuit Court of Harrison county.

The sheriff levied upon the property mentioned in the writ, and made the following return of service upon the plaintiff in error, Petit:—

" I left a true copy of this writ with a son of the defendant, at his usual place of abode, who is a free white person over the age of sixteen years, and then and there being one of the defendant's (John Petit's) family.   I failed to find John Petit in my county.   All of which is respectfully returned.

" April 16, 1866."

The defendant in error filed his complaint on the 17th of April, 1866.

A judgment by default was taken, and a jury impanelled to execute the writ of inquiry, which was done, and a judgment for defendant in error for the specific property, &c.

A writ of error was sued out to reverse this judgment, and case brought to this court.

At the February Term of 1867, the judgment was reversed, because the judgment was taken prematurely, there being no personal service upon the plaintiff in error, and in violation of the statute.   Revised Code, 1857, article 158, p. 503.

At a Special Term of 1867, of said Circuit Court, the case was called and a judgment by default was taken, with writ of inquiry in the case against defendant below, it appearing in the record that " the counsel for defendant in the High Court of Errors and Appeals being present, who refused to plead for defendant."

A jury was impanelled to execute the writ of inquiry—verdict for the specific property, and damages for the detention, &c.

The usual judgment of restitution and damages for detention, &c., was rendered in the case.

To the rendition of this second judgment, a writ of error is again prosecuted to this court to reverse the same.

The ground of error assigned is, that " the rendition of a judgment upon a writ sued out within five days of the return-day therein stated, without notice actual or constructive to plaintiff in error."

The writ, as appears from the record, was sued out more than five days before the return-day of the same, and executed legally by copy.

But this is of no consequence; the error committed in taking the judgment by default at the return term of the writ, without personal service upon the plaintiff in error, has been recognized by this court, and the judgment set aside.

The case stood for trial at the Special Term in May, 1867, of the court. The case was regularly called, the plaintiff in error refused to plead, and a judgment by default, with writ of inquiry, was properly awarded.

The defendant below, having waived his right to plead, cannot get any relief from this court by his *laches*.

The counsel for plaintiff in error seem to think it was necessary for the defendant in error to sue out and execute a new writ in the case. Otherwise, he sued out this writ of error for delay.

Let the judgment be affirmed.